IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00877-BNB

RONALD DURAN,

      Applicant,

v.

JOHN DAVIS, B.V.C.F., and
JOHN SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

      Applicant, Ronald Duran, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Adams County District Court case number 05CR3013.  The court must construe the application liberally because Mr. Duran is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Duran will be ordered to file an amended pleading if he wishes to pursue any claims in this action.

      The court has reviewed the application and finds that it is deficient because Mr. Duran fails to provide a clear statement of the claims he is asserting.  For example, Mr. Duran describes his first two claims as judicial misconduct claims without identifying the specific federal constitutional right allegedly violated.  Mr. Duran also fails to provide specific factual allegations in support of each of his claims demonstrating that his federal constitutional rights have been violated.  For example, Mr. Duran alleges in his

second claim that two prospective jurors improperly were excused without identifying those jurors, without explaining specifically why they should not have been excused, and without explaining how excusing those jurors impacted his conviction.  Similarly, Mr. Duran alleges in his third claim that he was prevented from presenting a defense without identifying the witnesses he could not call and without explaining what specific testimony or evidence was not presented as a result.

Mr. Duran will be directed to file an amended pleading that identifies clearly both the specific federal constitutional claims he is asserting and the specific facts that support each individual claim.  Mr. Duran is not required to include legal argument in support of his claims.  Instead, Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts require that Mr. Duran "specify all [available] grounds for relief" and "state the facts supporting each ground."  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, Mr. Duran requests that counsel be appointed to represent him in this action.  That request will be denied as premature.  "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-

2

conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." ***Johnson v. Avery***, 393 U.S. 483, 487 (1969).  Accordingly, it is

ORDERED that Mr. Duran file an amended application that complies with this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Duran shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Duran fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED April 17, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge

3