**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-00877-CMA

RONALD DURAN,

    Applicant,

v.

JOHN DAVIS, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

## ORDER TO DISMISS IN PART

---

This matter is before the Court on the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. # 9), filed *pro se* by Applicant, Ronald Duran.  Mr. Duran is challenging the validity of his conviction and sentence in Adams County District Court case number 05CR3013.

On May 1, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On June 20, 2012, Respondents filed their Pre-Answer Response (Doc. # 16) arguing that Mr. Duran's cognizable federal constitutional claims are unexhausted and procedurally barred.  On September 13, 2012, Mr. Duran filed a reply (Doc. # 23) to the Pre-Answer Response.

The Court must construe the amended application and other documents filed by Mr. Duran liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

Mr. Duran is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. He was convicted by a jury of robbery and third degree assault. After he subsequently was adjudicated to be an habitual criminal, he was sentenced to twenty-four years in prison. The Colorado Court of Appeals affirmed the judgment of conviction on direct appeal. *See People v. Duran*, No. 07CA1744 (Colo. App. Apr. 30, 2009) (unpublished) (Doc. # 16-13.) On July 20, 2009, the Colorado Supreme Court denied Mr. Duran's petition for writ of certiorari on direct appeal. (*See* Doc. # 16-11.)

Following his direct appeal, Mr. Duran filed a number of letters and motions in the trial court challenging the validity of his conviction. On August 12, 2009, Mr. Duran filed a letter that the trial court construed as a motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure and denied on August 25, 2009. (*See* Doc. # 16-1 at 9.) On September 22, 2009, Mr. Duran filed a letter that the trial court construed as a motion to reconsider the August 25, 2009 order and denied on October 5, 2009. (*See id.* at 8.) On October 19, 2009, Mr. Duran filed a postconviction motion to vacate his conviction that the trial court construed as a Rule 35(c) motion and denied on October

23, 2009.  (*See id.*)  On May 12, 2010, Mr. Duran filed a postconviction Rule 35(c) motion.  (*See id.*)  On May 17, 2010, the trial court denied the May 12 Rule 35(c) motion for the following reason:

> I have reviewed defendant's most recent motion for postconviction relief, filed May 12, 2010.  This motion raises the same issues previously asserted several times in prior letters, motions, and a motion to reconsider.  The motion is DENIED for the same reasons previously stated.  <u>See People v. Hartkemeyer</u>, 843 P.2d 92 (Colo. App. 1992); Crim. P. 35(c)(3)(VI); Crim P. 35(c)(3)(VII).

(Doc. # 16-9 at 2.)

On June 14, 2010, Mr. Duran filed a notice of appeal from the trial court's May 17, 2010 order.  (*See* Doc. # 16-1 at 8.)  The Colorado Court of Appeals affirmed the trial court's order, reasoning that Mr. Duran's claims "repeated the allegations raised either in his previous motions or in his direct appeal" and, "[t]o the extent any of the claims had not been raised previously, nothing prevented defendant from doing so." *See People v. Duran*, No. 10CA1205, slip op. at 5 (Colo. App. June 2, 2011) (unpublished) (Doc. # 16-5 at 7).  On October 24, 2011, the Colorado Supreme Court denied Mr. Duran's petition for writ of certiorari in the state court postconviction proceedings.  (*See* Doc. # 16-3.)

Mr. Duran asserts four numbered claims for relief in his amended application in the instant action, each of which has various subparts.  Mr. Duran contends in his first claim for relief that the trial judge was biased against him in violation of his right to due process.  He specifically alleges in support of his first claim that the trial judge misrepresented that Mr. Duran was not in the Adams County Jail on a certain date; lacked subject matter jurisdiction to preside over Mr. Duran's case; refused to dismiss

the charges despite a violation of Mr. Duran's Sixth Amendment rights; and presided over Mr. Duran's case even after recusing from the case. (*See* Doc. # 9 at 6.)

Mr. Duran contends in his second claim for relief that his Sixth and Fourteenth Amendment rights were violated because of improper jury selection. He alleges in support of his second claim that the prosecution improperly was allowed two extra peremptory challenges; two jurors ("S" and "W") were dismissed for cause without an opportunity for questioning by the defense; and he was forced to use a peremptory challenge to remove a juror ("R") after the trial court improperly denied a defense challenge for cause. (*See id.* at 7.)

Mr. Duran contends in his third claim that his Sixth and Fourteenth Amendment rights were violated as a result of judicial bias. He alleges in support of his third claim that the trial judge failed to grant a mistrial when three necessary and indispensable defense witnesses failed to appear; refused to allow two police officers to testify; and refused to admit hearsay statements from nontestifying law enforcement officers under the residual hearsay exception. (*See id.* at 8.)

Mr. Duran's fourth claim is an ineffective assistance of counsel claim. He alleges in support of his fourth claim that counsel failed to object to an erroneous jury instruction; failed to conduct pretrial discovery; failed to appear for trial on December 4, 2006; failed to secure Mr. Duran's appearance for the December 4, 2006 trial date; was biased against Mr. Duran after he filed a complaint against her; failed to present anything on March 23, 2007; told Mr. Duran's family that he would spend the rest of

his life in prison if he did not take a plea deal; refused to allow Mr. Duran to view discovery materials; lied in a March 7, 2007 letter; and did not do the minimum job required by due process. (*See id.* at 9.)

## II. ONE-YEAR LIMITATION PERIOD

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES

Respondents do raise the affirmative defense of exhaustion of state court remedies. More specifically, Respondents contend that claims one, three, and four in the amended application are unexhausted and procedurally barred. The Court agrees that claims one and four and part of claim three are unexhausted and procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court first considers whether Mr. Duran exhausted state remedies for any of his claims on direct appeal. Mr. Duran raised three claims in his opening brief on direct appeal. (*See* Doc. # 16-16.) He argued in his first claim on direct appeal that the trial court erred in dismissing for cause two jurors ("S" and "W") challenged by the prosecution without allowing defense counsel to question those jurors, which he contends resulted in the prosecution being afforded two extra peremptory challenges. (*See id.* at 14-22.) As noted above, Mr. Duran raises this argument in his second claim in the amended application. Although Respondents argue that Mr. Duran's second claim in this action does not raise a cognizable federal constitutional claim, the Court

declines to address that argument at this time.  Respondents do not argue that Mr. Duran failed to exhaust state remedies for his second claim in the amended application.

Mr. Duran argued in his second claim on direct appeal that his constitutional right to compulsory process and to present a defense was violated when the trial court failed to grant his motion for a mistrial or alternatively consider his request for admission of statements under the residual hearsay exception. (*See id.* at 22-30.)  Mr. Duran argued in support of this claim on direct appeal that a witness, Nikkole King, failed to appear at trial, that the trial court denied a defense motion for a mistrial based on Ms. King's failure to appear, and that the trial court denied a defense motion to introduce Ms. King's statements through a law enforcement officer and a defense investigator pursuant to the residual hearsay exception.  As noted above, Mr. Duran raises similar arguments in connection with his third claim in the amended application, although the third claim in the amended application is postured as a judicial bias claim and is broader than Mr. Duran's second claim in his direct appeal.  Construing the amended application liberally, the Court finds that Mr. Duran is asserting within his third claim for relief in the amended application the same constitutional right to compulsory process and to present a defense claim that he raised on direct appeal.  Respondents concede that Mr. Duran exhausted state remedies for such a claim on direct appeal.  (*See* Doc. # 16 at 32.)  However, to the extent Mr. Duran's third claim in the amended application includes additional factual allegations or is based on some other constitutional theory, the claim

was not exhausted on direct appeal.Mr. Duran argued in his third claim on direct appeal that the trial court erred in denying a motion to suppress evidence of the victim's identification card that was seized from Mr. Duran's home.  (*See* Doc. # 16-16 at 30-45.) Mr. Duran does not raise any similar claim in the amended application.

Therefore, of the three claims Mr. Duran raised on direct appeal, he raises only two of those claims in the amended application.  As discussed above, Respondents do not argue that claim two in the amended application should be dismissed for failure to exhaust state remedies.  Respondents also concede that Mr. Duran exhausted on direct appeal a portion of his third claim in the amended application, which the Court construes as a claim that his constitutional right to compulsory process and to present a defense was violated.

The Court next will consider whether Mr. Duran exhausted state remedies for any claims in the state court postconviction proceedings.  Respondents argue, and the Court agrees, that Mr. Duran did not fairly present any claims to the state's highest court in the postconviction proceedings.  With respect to the state court postconviction motions filed prior to May 17, 2010, Mr. Duran did not exhaust state court remedies for any claims raised in those motions because he did not appeal the denial of any of those motions.  Therefore, any claims Mr. Duran raised in the postconviction motions filed prior to May 17, 2010, are not exhausted because those claims were not fairly presented to the state appellate courts.  *See Dever*, 36 F.3d at 1534.

Mr. Duran did appeal from the denial of the postconviction motion he filed on May 17, 2010.  However, the claims Mr. Duran raised in the May 17, 2010 post-conviction motion also were not fairly presented to the state courts because both the trial court and

the Colorado Court of Appeals determined that the claims Mr. Duran raised in his postconviction motion filed on May 17, 2010, were procedurally barred under state law. More specifically, the state courts determined that the claims Mr. Duran raised in his postconviction motion filed on May 17, 2010, were barred by state procedural rules that require courts to deny any claim that was raised and resolved in a prior appeal or postconviction proceeding or that could have been raised in a prior appeal or postconviction proceeding. *See* Fed. R. Crim. P. 35(c)(3)(VI) & (VII). Therefore, the Court finds that Mr. Duran did not exhaust state remedies for any claims in the state court postconviction proceedings. As a result, claims one and four and the portion of claim three that was not raised on direct appeal are not exhausted.

Although Mr. Duran failed to exhaust state remedies for claims one and four and a portion of claim three, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Duran no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Duran's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Duran must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Duran can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

The Court finds that Colorado's procedural rules that require the denial of claims raised in a postconviction motion that actually were raised in a prior appeal or postconviction proceeding, or that could have been raised in a prior appeal or postconviction proceeding, are independent because they rely on state rather than federal law. The Court also finds that these procedural rules are adequate because they are applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Fed. R. Crim. P. Rules 35(c)(3)(VI) & (VII) to reject

claims actually raised in prior postconviction motion or that could have been raised in a prior postconviction motion). In addition, Mr. Duran presents no argument that these rules are not independent and adequate.

The fact that the Colorado Court of Appeals also determined Mr. Duran's claims on appeal from the denial of his May 17, 2010 postconviction motion lacked merit does not undermine the state court's procedural bar ruling. *See Coleman v. Thompson*, 501 U.S. 722, 733 (1991) (noting that a state court can look to federal law as an alternative holding, so long as it clearly and expressly indicates that its decision is based on independent and adequate state procedural grounds). Therefore, claims one and four and the portion of claim three that was not raised on direct appeal are procedurally defaulted and cannot be considered unless Mr. Duran demonstrates either cause and prejudice or a fundamental miscarriage of justice. To the extent Mr. Duran may be raising within these claims any argument that was not actually raised and rejected by the state courts, the claims are subject to an anticipatory procedural default based on the same state procedural rules. *See Coleman*, 501 U.S. at 735 n.1.

Mr. Duran argues in his reply to the Pre-Answer Response, apparently in an effort to demonstrate cause for his procedural default, that the trial court improperly construed his August 2009 and September 2009 letters to the trial court as Rule 35(c) motions. He apparently contends that, if the trial court had not construed the August 2009 and September 2009 letters as seeking relief under Rule 35(c), his subsequent postconviction motions would not have been procedurally barred under state law.

The Court finds that this argument lacks merit because Mr. Duran did not appeal from the trial court's orders construing the August 2009 and September 2009 letters as seeking relief under Rule 35(c). There also is no indication in the record before the Court that Mr. Duran ever has argued to any state court that the August 2009 and September 2009 letters improperly were construed as seeking relief under Rule 35(c). As a result, the Court finds that Mr. Duran cannot demonstrate good cause for his procedural default based on his argument that his August 2009 and September 2009 letters to the trial court improperly were construed as seeking relief pursuant to Rule 35(c). If Mr. Duran did not intend to seek relief under Rule 35(c) in the August 2009 and September 2009 letters, he should have raised that argument either in the trial court or in an appeal from the trial court's orders that construed the letters as seeking relief under Rule 35(c).

Mr. Duran raises no other arguments that might demonstrate good cause for his failure to comply with Colorado's procedural rules regarding successive postconviction motions or any resulting prejudice. He also fails to demonstrate or argue that a failure to consider his claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that claims one and four and the portion of claim three that was not raised on direct appeal are procedurally barred.

## IV.  **CONCLUSION**

In summary, Respondents do not argue that this action is untimely and the Court finds that claims one and four and the portion of claim three that was not raised on direct appeal must be dismissed as unexhausted and procedurally barred. Accordingly,

IT IS ORDERED that claims one and four and the portion of claim three that was not raised on direct appeal are DISMISSED as unexhausted and procedurally barred.

IT IS FURTHER ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims.

IT IS FURTHER ORDERED that within thirty days of the filing of the answer Applicant may file a reply, if he so desires.

DATED:  September   24  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge